UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTINE EDMAN,

    **Plaintiff,**

v.

FRANK BISIGNANO,
**Commissioner of Social Security,**

    **Defendant.**

Case No. 2:22-cv-5119
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

    This matter is before the Court on Plaintiff's motion for an attorney's fee pursuant to 42 U.S.C. § 406(b). Motion for Attorney Fees, ECF No. 18. The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $9,000.00 fee previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Response to Plaintiff's Petition for Attorney's Fees under 42 U.S.C. § 406(b), ECF No. 19. *See* Consent Order, ECF No. 17.

    Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court

1

must also consider such factors as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. Moreover, a court may consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

      Plaintiff filed an application for Disability Insurance Benefits in December 2019 and, with the assistance of counsel, challenged the administrative denial of that application in this Court. In August 2024, this Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. Opinion and Order, ECF No. 13; Final Judgment, ECF No. 14. On remand, Plaintiff secured a fully favorable decision, *see* Notice of Award, Exhibit A to Motion for Attorney Fees, ECF No. 18, PageID# 2228, and was awarded past-due benefits totaling $ 51,254.00. *Id*. Twenty-Five percent of that amount, $ 12,813.50, has been withheld for payment to Plaintiff's representative(s). *Id*. Plaintiff's counsel seeks an attorney's fee of $ 12,613.50 for work performed before this Court. Motion for Attorney Fees, ECF No. 27.

      The fee agreement executed by Plaintiff and her counsel authorizes a fee of 25% of past-due benefits. Exhibit B to Motion for Attorney Fees, ECF No. 27. Kira Tryvus, Esq., Plaintiff's well-experienced counsel, represents that 48.1 hours of time were expended on behalf of Plaintiff before this Court. Exhibit C to Motion for Attorney Fees, ECF No. 27, at PageID# 2237. The requested fee therefore represents less than 25% of the past-due benefits and compensation for Plaintiff's attorney at the rate of approximately $ 262.23 per hour, *i.e*., an amount well within the range of reasonableness.

This Court concludes that the requested fee is reasonable. The time between Plaintiff's application and the favorable resolution of that application was lengthy and Plaintiff's counsel was in no way responsible for that delay. Moreover, the benefits awarded were not large in comparison to the time expended by counsel. *See Gisbrecht*, 535 U.S. at 808.

Plaintiff's Motion for Attorney Fees, ECF No. 18, is therefore **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the total amount of $ 12,613.50, which represents less than 25% of the past-due benefits awarded to Plaintiff, be remitted to **Kira Treyvus, Esq**. Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fees in the amount of $ 9,000.00 to Plaintiff.

January 26, 2026    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

3